## No. 198.—The State of Louisiana v. Fred. Endom.

Those parts of section twenty, twenty-one, twenty-two and twenty-three of the revenue law of 1869, which authorize the levying and collecting of a specific tax on drays, wagons, carriages, etc., in proportion to the number of animals used in drawing them, are contrary to article 118 of the constitution, and are therefore null and void.

Such tax is a license on the particular calling, but if it were not it would still be obnoxious to the constitution, which requires that all licenses on the same occupation or calling shall be uniform, while the classification according to the number of animals used in drawing any particular vehicle imposes greater or less burdens on one person than another pursuing the same occupation.

APPEAL from the Parish Court, parish of Ouachita. *R. J. Caldwell,* Parish Judge. *W. W. Farmer,* District Attorney, and *A. L. Slack,* District Attorney *pro tem.,* for the State, appellant. *Stubbs & Cobb,* for defendant and appellee.

LUDELING, C. J. This is an action to enforce the collection of $170 for licenses for the year 1870, under the enumerations or classifications

twentieth, twenty-first, twenty-second and twenty-third of section three of the act number 114 of the General Assembly of 1869.

The defense is that the portions of section three of the act aforesaid are unconstitutional.

The parts of section three referred to read as follows:

"There shall be levied and collected an annual amount *as license,* first," etc:

" *Twentieth*—From every dray, cart, one horse wagon, used for hire, ten dollars.

" *Twenty-first*—From every dray, wagon, truck or other vehicle, used for hauling lumber, produce or material of any kind, drawn by two or more horses and used for hire, twenty dollars.

" *Twenty-second*—From every public or private hack, or other vehicle drawn by one horse and used for hire, ten dollars.

" *Twenty-third*—From every public carriage, stage or omnibus, drawn by two or more horses, used for hire, twenty dollars. From each private carriage or buggy drawn by one horse, five dollars; and when drawn by two horses, ten dollars."

It is contended by the defendant that this is a direct and specific tax on the articles enumerated, while the attorney for the State insists that it is a *license* for the exercise of an occupation or trade.

It is called a *license* at the beginning of section three, and that section is in that part of the law relating to persons, trades, professions and occupations subject to taxation. On the other hand, from the terms of the law the license is to be levied and collected from the *objects* enumerated. But it is immaterial whether it be a specific tax, or tax on trades, occupations, etc. In either case it violates the constitution. It was no doubt intended to be a tax on occupations or trades. In that event it is a license for the right or privilege to pursue the several callings taxed, and the tax for this privilege must be *the same* for all persons who engage in the business, without reference to the amount of capital invested or business done. If A keeps one dray and B keeps two drays, they both follow the *same* occupation or business, and it would be unequal to tax one more than the other for the privilege of engaging in it. To do so would be not to tax the business, but the drays owned by each.

We think, with the parish judge, that the evidence shows that defendant is following several different occupations; but we are constrained to declare that the parts of section three of the act number 114 of the General Assembly of 1869, numbered twentieth, twenty-first, twenty-second and twenty-third, are unconstitutional, null and void. Art. 118, constitution.

It is therefore ordered and adjudged that the judgment of the parish court be affirmed.